IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

POINTENORTH INSURANCE GROUP,

     Plaintiff,

v.                   CIVIL ACTION FILE
                    NO. 1:13-CV-04203-HLM

W. JAMES WADE,

     Defendant.

## ORDER

This case is before the Court on Defendant's Motion to Dismiss and, Alternatively, Motion for Reconsideration of Issuance of Temporary Restraining Order ("Motion to Dismiss/Reconsider") [15].

## I.   Background

On December 19, 2013, Plaintiff filed this lawsuit. (Docket Entry No. 1.) On December 20, 2013, the Court entered an Order directing Plaintiff to file a separate motion requesting

injunctive relief if Plaintiff sought a temporary restraining order or preliminary injunction, and also ordered Plaintiff to amend its Complaint to correct deficient jurisdictional allegations within fourteen days. (Order of Dec. 20, 2013 (Docket Entry No. 4).)

On January 2, 2014, Plaintiff filed its Amended Complaint. (Docket Entry No. 6.) Plaintiff asserted a number of claims, including: (1) breach of the Employee Agreement (Am. Compl. ¶¶ 61-66); (2) breach of the Independent Contractor Agreement (id. ¶¶ 67-71); (3) tortious interference with employment (id. ¶¶ 72-77); (4) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 (id. ¶¶ 78-83); (5) conversion (id. ¶¶ 84-89); (6) breach of fiduciary duty (id. ¶¶ 90-93); (7) tortious interference with business relationship (id. ¶¶ 94-96); (8) computer trespass (id. ¶¶ 97-101); (9) violation of the Georgia Trade Secrets Act, ("GTSA"), O.C.G.A. § 10-1-760, et

2

seq. (id. ¶¶ 102-112); (10) punitive damages (id. ¶¶ 113-14); and (11) injunctive relief (id. ¶¶ 115-124).

On January 3, 2014, Plaintiff filed its Motion for Temporary Restraining Order. (Docket Entry No. 7.) On January 14, 2014, the Court held a hearing on the Motion for Temporary Restraining Order. (Docket Entry No. 11.) At the conclusion of that hearing, the Court orally granted the Motion for Temporary Restraining Order. (Id.) On January 16, 2014, the Court entered a written Order granting the Motion for Temporary Restraining Order. (Order of Jan. 16, 2014 (Docket Entry No. 13).)

On January 20, 2014, Defendant filed his Motion to Dismiss/Reconsider. (Docket Entry No. 15.) The briefing process for that Motion is complete, and the Court finds the matter ripe for resolution.

AO 72A
(Rev.8/8
2)

## II.    Motion to Dismiss

In his Motion to Dismiss, Defendant argues that Plaintiff's Amended Complaint fails to state a viable claim for relief, and contends that, if the Court dismisses that claim, the Court lacks subject matter jurisdiction to entertain this case.  (Br. Supp. Mot. Dismiss/Reconsider (Docket Entry No. 15) at 3-6.)  The Court first sets forth the standard for evaluating a motion to dismiss, and then addresses Defendant's arguments.

### A.    Standard Governing a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions of a complaint, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff.

4

AO 72A
(Rev.8/8
2)

Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008).

Although a court is required to accept well-pleaded facts as true when evaluating a motion to dismiss, it is not required to accept the plaintiff's legal conclusions. Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  When evaluating the sufficiency of a plaintiff's complaint, the court makes reasonable inferences in favor of the plaintiff, but is not required to draw the plaintiff's inference. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, the Court does not accept as true "unwarranted deductions of fact or conclusions masquerading as facts." Snow v. DirecTV, Inc., 450 F.3d 1314, 1321 (11th Cir. 2006) (internal quotation marks and citation omitted).

AO 72A
(Rev.8/8
2)

Finally, the Court may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." Chandler, 695 F.3d at 1199 (internal quotation marks and citation omitted). In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court observed that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 500 U.S. at 555. Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

AO 72A
(Rev.8/8
2)

The mere possibility that the defendant might have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss. Id. Instead, the well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

The Court's consideration of a motion to dismiss is generally limited to the face of the complaint itself; however, "[t]he [United States Court of Appeals for the] Eleventh Circuit has held that, when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Davis v. Williams Commc'ns, Inc., 258 F. Supp. 2d 1348, 1352 (N.D. Ga. Mar. 18, 2003).

AO 72A
(Rev.8/8
2)

Therefore, when addressing a motion to dismiss, the Court "may also consider any attachments to the complaint, matters of public record, orders, and items appearing in the record." Clark v. Bibb Cnty. Bd. of Educ., 174 F. Supp. 2d 1369, 1370 (M.D. Ga. Nov. 7, 2001); see 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1364 (3d ed. 2004) (stating that "judicial notice may be taken of prior pleadings and proceedings[,] . . . transcripts of prior court proceedings, and various documents that are matters of public record" (footnotes omitted)).[1]

---

[1] The Court consequently has not considered the exhibits attached to Defendant's Motion to Dismiss/Reconsider when evaluating the Motion to Dismiss. (Docket Entry Nos. 15-2, 15-3, 15-4, 15-5.)

AO 72A

(Rev.8/8

## B.  Discussion

### 1.  Merits of Plaintiff's CFAA Claim[2]

The CFAA provides a private right of action against anyone who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer" that has a value that "exceeds $5,000." 18 U.S.C. § 1030. The term "exceeds authorized access" means "to access a computer with authorization and to use such access to obtain or alter

---

[2]Contrary to Plaintiff's statement in its brief in response to the Motion to Dismiss/Reconsider, the Court did not conclude after the hearing on the temporary restraining order that Plaintiff "has stated a valid claim under the [CFAA]." (Pl.'s Resp. Mot. Dismiss/Reconsider (Docket Entry No. 17) at 2.) The Court's oral ruling addressed only Plaintiff's breach of contract claims and Plaintiff's GTSA claim. (Jan. 14, 2014, Hr'g Tr. (Docket Entry No. 16) at 41.) The Court's written Order only found that Plaintiff had a substantial likelihood of succeeding on its breach of contract and GTSA claims. (Order of Jan. 16, 2014, at 3-4.) The Court clearly has not concluded that Plaintiff has a substantial likelihood of succeeding on the merits of its CFAA claim.

AO 72A
(Rev.8/8
2)

information in the computer that the accesser is not entitled to obtain or alter." 18 U.S.C. § 1030(e)(6). The statute defines a protected computer, in part, as a computer "exclusively for the use of a financial institution or the United States Government, or in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government." 18 U.S.C. § 1030(e)(2)(A).

Defendant argues that the Court should dismiss Plaintiff's CFAA claim because Plaintiff "does not assert that [Defendant] accessed non-permitted information; [Plaintiff] merely asserts that [Defendant] misused the information to which he had access, which . . . is insufficient to set forth a violation of the [CFAA]." (Mot. Dismiss/Reconsider at 5.) In support of this

AO 72A
(Rev.8/8
2)

argument, Defendant relies on <u>Diamond Power International, Inc. v. Davidson</u>, 540 F. Supp. 2d 1322 (N.D. Ga. Oct. 1, 2007).

In <u>Diamond Power</u>, another United States District Judge in this District stated:

> The phrase "without authorization" is not defined by the CFAA. In the wake of this silence, courts have split on the question of whether an employee with an improper purpose may be held civilly liable under the CFAA for acquiring computer information otherwise permitted to the employee in advance of his employment. On the one hand, several courts, applying the principle that "[t]he authority of an agent terminates if, without knowledge of the principal, he acquires adverse interest or if he is otherwise guilty of a serious breach of loyalty to the principal," have found a CFAA violation in such a circumstance. But others, including at least two district courts within this Circuit, have opted for a less expansive view, holding that the phrase "without authorization" generally only reaches conduct by outsiders who do not have permission to access the plaintiff's computer in the first place.
>
> In the Court's view, the latter line of cases provides the more correct interpretation of the phrase

11

"without authorization" in the CFAA. Defining "authorization" based upon the use of computer information, rather than upon the presence or absence of initial permission to access the computer is in tension with both a plain reading of the Act and the manner in which the term "authorization" is used in other parts of the Act. Most prominently, it is inconsistent with the Act's use of the term "authorization" in its definition of "exceeds authorized access."

Section 1030(e)(6) defines "exceeds authorized access" as ("to access a computer <u>with authorization</u> and to <u>use such access</u> to obtain or alter information in the computer <u>that the accessor is not entitled so to obtain and alter</u>.") (emphasis added). Thus, Section 1030(e)(6) contemplates that an "exceeds authorized access" violation occurs where the defendant first has initial "authorization" to access the computer. But, once the computer is permissibly accessed, the use of that access is improper because the defendant accesses information to which he is not entitled. Under [the cases adopting the expansive view of exceeds authorization], however, that distinction is overlooked. Under their reasoning, an employee who accesses a computer with initial authorization but later acquires (with an improper purpose) files to which he is not entitled--and in so doing, breaches his duty of loyalty--is "without authorization," despite

12

the Act's contemplation that such a situation constitutes accessing "with authorization" but by "exceed[ing] authorized access." The construction [of the cases adopting the expansive view] thus conflates the meaning of these two distinct phrases and overlooks their application in § 1030(e)(6).

Under the more reasoned view, a violation for accessing "without authorization" occurs only where initial access is not permitted. And a violation for "exceeding authorized access" occurs where initial access is permitted but the access of certain information is not permitted. Stated differently, a violation does not depend upon the defendant's unauthorized use of <u>information</u>, but rather upon the defendant's unauthorized use of access.

540 F. Supp. 2d at 1342-43 (emphasis and second alteration in original) (citations and footnote omitted). Applying that reasoning, the <u>Diamond Power</u> court concluded that the employee did not violate the CFAA, because

[t]here is no dispute that [the employee] was authorized to initially access the computers he used at Diamond Power. There is also no dispute that his level of authorized access included express

13

permission (and password access) to obtain the specific information he later disclosed [to a third party]. Accordingly, [the employee] did not access the information at issue "without authorization" or in a manner that "exceed[ed] authorized access," and there was no violation of the CFAA.

Id. at 1343 (fourth alteration in original).

Plaintiff, however, contends that Diamond Power is inapplicable in light of later decisions in this Circuit. (Resp. Mot. Dismiss/Reconsider at 4-5.) In support of this argument, Plaintiff relies on United States v. Rodriguez, 628 F.3d 1258 (11th Cir. 2010) and Amedisys Holding, LLC v. Interim Healthcare of Atlanta, Inc., 793 F. Supp. 2d 1302 (N.D. Ga. June 3, 2011).

In Rodriguez, the United States Court of Appeals for the Eleventh Circuit upheld a defendant's criminal conviction under CFAA. 628 F.3d at 1263-64. The Eleventh Circuit stated:

14

AO 72A
(Rev.8/8
2)

Rodriguez argues that he did not violate section 1030(a)(2)(B) because he accessed only databases that he was authorized to use as a TeleService representative, but his argument ignores both the law and the record. The Computer Fraud and Abuse Act makes it a crime to "intentionally access[] a computer without authorization or exceed[] authorized access, and thereby obtain[] information from any department or agency of the United States." 18 U.S.C. § 1030(a)(2)(B). The Act defines the phrase "exceeds authorized access" as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled to obtain or alter." Id. § 1030(e)(6). The policy of the Administration is that use of databases to obtain personal information is authorized only when done for business reasons. Rodriguez conceded at trial that his access of the victims' personal information was not in furtherance of his duties as a TeleService representative and that "he did access things that were unauthorized." In the light of this record, the plain language of the Act forecloses any argument that Rodriguez did not exceed his authorized access.

628 F.3d at 1263 (alterations in original). The Eleventh Circuit

distinguished a case from the United States Court of Appeals

15

for the Ninth Circuit, noting that the Ninth Circuit case "is distinguishable because the Administration told Rodriguez that he was not authorized to obtain personal information for nonbusiness reasons." Id. The court also noted:

> Rodriguez erroneously argues that he cannot be convicted under the Act because his use of the information was not criminal. The problem with Rodriguez's argument is that his use of information is irrelevant if he obtained the information without authorization or as a result of exceeding authorized access. See § 1030(a)(2)(B). Rodriguez exceeded his authorized access and violated the Act when he obtained personal information for a nonbusiness reason.

Id. Finally, the Eleventh Circuit rejected the defendant's contention that "his conviction cannot stand because he used the personal information he accessed without authorization to defraud anyone or to gain financially," noting that "[t]he misdemeanor penalty provision of the Act under which

16

Rodriguez was convicted does not contain any language regarding purposes for committing the offense." Id. at 1264.

In Amedisys Holding, LLC, another United States District Judge sitting in this District concluded that a former employee exceeded her authorized access, for purposes of CFAA, by sending referral logs to herself from the employer's computer system for use in competing with the employer after she accepted a position with a competitor. 739 F. Supp. 2d at 1315. In that case, the former employee "admitted that she had no business reason for sending some of the [r]eferral [l]ogs to herself, even while employed [with the former employer]." Id. at 1315 n.16. Additionally, the referral logs "contained information protected by [federal law] and [the employer] prohibited its employees from accessing or using protected health information except as required by their job duties." Id.

AO 72A
(Rev.8/8
2)

The Court finds that <u>Rodriguez</u> and <u>Amedisys Holding</u>, on the one hand, and <u>Diamond Power</u>, on the other, are not necessarily mutually exclusive. In <u>Rodriguez</u> and <u>Amedisys Holding</u>, the employees initially had authorized access to the employer's computer systems, but the employees then accessed and used information on those systems for purposes explicitly prohibited by their employers. <u>Rodriguez</u>, 628 F.3d at 1263-64; <u>Amedisys Holding</u>, 793 F. Supp. 2d at 1315. <u>Diamond Power</u> simply held that no CFAA violation occurred where an employee's initial access to his employer's computer system was authorized, and where his level of authorization included express permission from his employer to obtain the information that he later disclosed. <u>Diamond Power</u>, 540 F. Supp. 2d at 1343. All three cases share a common theme: a CFAA violation occurs where an employee accesses

18

AO 72A
(Rev.8/8
2)

information of his employer in violation of his or her employer's directives or for a purpose that is not authorized by his or her employer.

Regardless of which rule the Court applies, Plaintiff's allegations in the Amended Complaint still fail to state a viable CFAA claim. Plaintiff's allegations in support of its CFAA claim are, at best, conclusory. In its CFAA count, Plaintiff simply alleges:

> 78. [Plaintiff] re-alleges and incorporates by reference paragraphs 1-66 above as though fully set forth herein.

> 79. Upon information and belief, [Defendant] exceeded his authorized access to [Plaintiff's] computers and stored data when he obtained client information from [Plaintiff's] computer database for reasons un-related to [Plaintiff].

> 80. [Defendant] accessed [Plaintiff's] client information in an attempt to solicit business for Top

AO 72A
(Rev.8/8
2)

Floor, making his access unrelated to [Plaintiff] and its business.

81. [Defendant's] Actions have caused at least $5,000 in economic damages to [Plaintiff].

82. The [CFAA], 18 U.S.C. § 1030 <u>et seq.</u>, allows for civil enforcement.

83. [Defendant] is liable to [Plaintiff] for all damages the court deems appropriate under the [CFAA].

(Am. Compl. ¶¶ 78-83.) Those allegations consist of legal conclusions and conclusory assertions, and, at most, set forth the bare elements of a CFAA claim. After <u>Twombly</u> and <u>Iqbal</u>, however, Plaintiff is required to do more to state a viable claim for relief in federal court. Plaintiff simply has not alleged sufficient facts to state a plausible claim for relief under the CFAA, and the claim is subject to dismissal.[3]

_____

[3]The factual allegations portion of Plaintiff's Amended Complaint does not alter this result. Plaintiff simply alleges that

AO 72A
(Rev.8/8
2)

For the reasons discussed above, the Court concludes that Plaintiff's CFAA count does not state a viable claim for relief. The Court therefore grants the Motion to Dismiss with respect to that claim. The Court next determines the effect of dismissing Plaintiff's lone federal claim on the Court's jurisdiction.

---

"[u]pon information and belief, [Defendant] wrongfully obtained, destroyed and converted valuable data and confidential information and trade secrets belonging to [Plaintiff] for his own personal use and in anticipation of his departure from [Plaintiff]." (Am. Compl. ¶ 55.) Plaintiff, however, provides no facts to support this allegation, and it is too conclusory to state a viable claim for relief.

Further, to the extent that Plaintiff raises new arguments concerning its CFAA claim in its response to the Motion to Dismiss, Plaintiff cannot amend its Amended Complaint via arguments raised in a response to a Motion to Dismiss. Wilchombe v. TeeVeen Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009); Payne v. Ryder Sys., Inc. Long Term Disability Plan, 173 F.R.D. 537, 540 (M.D. Fla. May 30, 1997). The Court consequently does not consider Plaintiff's assertion that Defendant used Ms. Aber "to improperly access the systems . . . in order to acquire policy and other related client information." (Pl.'s Resp. Mot. Dismiss at 6 n.1.)

AO 72A
(Rev.8/8
2)

## 2. Effect on the Court's Jurisdiction

Defendant argues that after dismissing Plaintiff's lone federal claim, the Court lacks subject-matter jurisdiction to entertain this action. (Mot. Dismiss/Reconsider at 5-6.) Although Defendant is correct that the Court would not have original jurisdiction under 28 U.S.C. § 1332 to entertain Plaintiff's state law claims because both Plaintiff and Defendant are Georgia residents, Defendant ignores 28 U.S.C. § 1367. That statute gives the Court supplemental jurisdiction "over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's state law claims "'derive from a common nucleus of operative fact'" as Plaintiff's CFAA claim, and the Court consequently has supplemental

22

jurisdiction to entertain those claims even though the Court lacks original jurisdiction to hear them. <u>Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta</u>, 701 F.3d 669, 679 (11th Cir. 2012) (quoting <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966)).

Under 28 U.S.C. § 1367(c), however, a district court has discretion to decline to exercise further jurisdiction over pendent state law claims if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c); <u>Pintano v. Miami-Dade Housing Agency</u>, 501 F.3d 1241, 1242 (11th Cir. 2007); <u>Parker v. Scrap Metal Processors, Inc.</u>, 468 F.3d 733, 743 (11th Cir. 2006). A court should consider factors such as "judicial economy, convenience, fairness, and comity" when determining whether to decline supplemental jurisdiction over state law claims after dismissing

23

AO 72A
(Rev.8/8
2)

all of the claims over which the court has original jurisdiction. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002). The Eleventh Circuit encourages district courts to dismiss remaining state claims where the district courts have dismissed all of the pending federal claims prior to trial. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

Here, the Court has dismissed the only claim over which the Court has original jurisdiction. Applying the standard set forth above, the Court exercises its discretion under § 1367(c) to decline further supplemental jurisdiction over Plaintiff's state law claims. Specifically, Plaintiff's state law claims are the bulk of Plaintiff's Amended Complaint, and the Georgia state courts are better-equipped to address those claims. Because the Court has not reached the merits of those claims and dismisses

24

AO 72A
(Rev.8/8
2)

the claims without prejudice, Plaintiff may re-file the claims in state court within six months of the date of this Order.

## III. Motion to Reconsider

Defendant's Motion to Reconsider is an alternative Motion. (See generally Mot. Dismiss/Reconsider.) Because the Court grants Defendant's Motion to Dismiss, the Court denies as moot Defendant's Motion to Reconsider.

## IV. Conclusion

ACCORDINGLY, the Court **GRANTS IN PART AND DENIES AS MOOT IN PART** Defendant's Motion to Dismiss/Reconsider [15]. The Court **GRANTS** the portion of the Motion seeking to dismiss Plaintiff's claim under the Computer Fraud and Abuse Act, and **DISMISSES** that claim. The Court, having dismissed the only claim over which it had original jurisdiction, further **DECLINES** to exercise

25

supplemental jurisdiction over Plaintiff's state law claims, and **DISMISSES** those claims without prejudice. Plaintiff may re-file those claims in state court within six months after the date of this Order. In light of that conclusion, the Court **TERMINATES** the temporary restraining order contained in the January 16, 2014, Order [13]. The Court **DENIES AS MOOT** the portion of Defendant's Motion that seeks reconsideration of the Court's January 16, 2014, Order. Finally, the Court **DIRECTS** the Clerk to **CLOSE** this case.

IT IS SO ORDERED, this the 19 day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)